IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> U.S. DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants-Appellants. | No. 25-1428 |

**MOTION TO HOLD APPEAL IN ABEYANCE**

This appeal raises legal issues that overlap with those presented in the pending appeals in *New York v. Trump*, Nos. 25-1236, 25-1413 (1st Cir.). Briefing is already underway in *New York*, where the government's opening brief is due today, May 27. The government respectfully requests that the Court hold this appeal in abeyance, pending resolution of the appeals in *New York*. This motion is opposed.

1.  In *New York*, plaintiffs challenge what they characterize as "a pause on federal funding" effectuated by an Office of Management and Budget memorandum and several of the President's Executive Orders, including Executive Order No. 14,154, titled *Unleashing American Energy*. *See New York v. Trump*, No. 25-cv-39, 2025 WL 715621, at *6 (D.R.I. Mar. 6, 2025). The district court's analysis in that case focused on certain grant programs, including many involving funds appropriated under the Inflation Reduction Act (IRA) and the Infrastructure Improvement and

Jobs Act (IIJA). *See id.* at *2. The court concluded that the *Unleashing American Energy* Executive Order and implementing guidance "instruct[ed] that agencies immediately pause disbursements of funds under the IRA or IIJA." *Id.* at *9. And the court concluded that agencies could not lawfully implement a categorical funding freeze for certain programs under the IRA and IIJA where, in the court's view, Congress "strictly prescribed how [appropriated] funds must be expended." *Id.* at *10.

The district court entered a preliminary injunction on March 6. The court enjoined the government defendants—which include 23 federal agencies—from "pausing, freezing, blocking, canceling, suspending, terminating, or otherwise impeding the disbursement of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations based on," among other things, "funding freezes dictated, described, or implied by [certain] Executive Orders," including but "by no means . . . limited to" the *Unleashing American Energy* Executive Order. *New York*, 2025 WL 715621, at *16. The government's appeal of the district court's preliminary injunction is docketed as No. 25-1236.

The district court in *New York* granted a motion to enforce the preliminary injunction as to certain funding administered by one of the agency defendants. *See New York v. Trump*, No. 25-cv-39, 2025 WL 1009025 (D.R.I. Apr. 4, 2025). The government moved for reconsideration, explaining that the district court lacked jurisdiction under the Administrative Procedure Act to issue such an order "to enforce a contractual obligation to pay money" and that "the 'Tucker Act grants the

2

Court of Federal Claims jurisdiction over'" such claims. *New York v. Trump*, No. 25-cv-39, 2025 WL 1098966, at \*2 (D.R.I. Apr. 14, 2025) (quoting *Department of Educ. v. California*, 145 S. Ct. 966, 968 (2025) (per curiam)). The district court denied reconsideration, *id.* at \*3, and the government's appeal of the district court's order is docketed as No. 25-1413. This Court consolidated the two appeals, and the government's opening brief is due today, May 27.

2. The allegations and legal issues in this case substantially overlap with those in *New York*. All six agency defendants in this case—Department of Agriculture, Department of Energy, Department of the Interior, the Environmental Protection Agency, Department of Housing and Urban Development, and the Office of Management and Budget, *see* Dkt. No. 21, at 4-5—are defendants in *New York*. As in *New York*, plaintiffs here allege that, under "the *Unleashing American Energy* order, Defendants have broadly frozen funding appropriated under the IRA and IIJA." *Id.* at 12. Indeed, plaintiffs themselves listed *New York* as a related case in their civil cover sheet. *See* Dkt. No. 1-3, at 1 (listing district court docket number 25-cv-39).

The district court's April 15 decision in this case granting plaintiffs' motion for a preliminary injunction parallels the reasoning in *New York*. The court explained that plaintiffs challenge agency decisions to "summarily freez[e] IIJA and IRA funds" pursuant to guidance implementing the *Unleashing American Energy* Executive Order that "mandat[es] a pause." Dkt. No. 45, at 24-25. The court discussed *New York* repeatedly throughout its opinion. *See, e.g., id.* at 22, 28, 35, 37, 42, 51-52. For

3

example, the court stated that "the *New York* Court's analysis is instructive," *id.* at 42, and that "[t]he court's analysis there is on-point and bears repeating," *id.* at 51. And on the Tucker Act issue, the district court in this case "agree[d] and adopt[ed]" *New York*'s "reasoning in full." *Id.* at 35.

The preliminary injunction in this case also contains similar language to that used in the preliminary injunction in *New York*. The district court enjoined the agency defendants from "freezing, halting, or pausing on a non-individualized basis the processing and payment of funding that (1) was appropriated under the Inflation Reduction Act or the Infrastructure Investment and Jobs Act and (2) has already been awarded." Dkt. No. 45, at 61. The court further ordered the agency defendants to "take immediate steps to resume the processing, disbursement, and payment of already-awarded funding appropriated under the Inflation Reduction Act or the Infrastructure Investment and Jobs Act, and to release awarded funds previously withheld or rendered inaccessible." *Id.*

3. Under the circumstances, it is in the interest of the parties and the Court for this appeal to be held in abeyance pending this Court's resolution of *New York*, where the government's opening brief is due today. Abeyance will conserve the resources of the Court and the parties because issues in this case could be effectively resolved or narrowed by the disposition in *New York*. Neither this Court nor the parties would benefit from repetitive briefing of the same issues. At a minimum, the decision in *New York* is likely to bear on the issues here. It would be inefficient to have the

parties file briefs addressing issues on which this Court will provide guidance in *New York*, only to have the parties submit additional briefs addressing that intervening decision. The far more prudent course is to allow the parties to take this Court's ruling in *New York* into account in briefing this appeal in the first instance. Moreover, plaintiffs face no prejudice from holding this appeal in abeyance, as they will continue to benefit from the district court's preliminary injunction in the meantime.

    4. Counsel for plaintiffs has indicated that plaintiffs oppose this motion.

                      Respectfully submitted,

                        DANIEL TENNY
                        SEAN R. JANDA

                        */s/ Brian J. Springer*
                        BRIAN J. SPRINGER
                        (202) 616-5446
                          Attorneys, Appellate Staff
                          Civil Division
                          U.S. Department of Justice
                          950 Pennsylvania Ave., N.W.
                          Washington, D.C. 20530

MAY 2025

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,037 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

                                                    */s/ Brian J. Springer*
                                                  Brian J. Springer

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                */s/ Brian J. Springer*
                                                Brian J. Springer