IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants-Appellants.* | No. 25-1428 |

## OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE

The government again requests an indefinite stay of this appeal; the Court should again deny that request. First, the government has not met its burden to show good cause to warrant granting a stay. Second, a stay could stymie the efficient resolution of this appeal by splitting it from a related appeal currently proceeding on a similar timeline (but that the government has not sought to stay).

1. The government cannot meet its burden to justify a stay. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (holding that "the burden of making out the justice and wisdom of [a stay] lay heavily on the petitioners, suppliants for relief"). The government's sole basis for

seeking a stay is that, it says, "Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances" during the ongoing lapse in appropriations. Mot. at 1.[1]

This case, however, falls squarely within those "limited circumstances." The prohibition on work does not apply where the work is "authorized by law," 31 U.S.C. § 1342—which includes when the Court denies a request for stay. *See Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring); Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025) ("If a court denies . . . a request [for stay] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue"), https://perma.cc/XT7Z-VTFZ. Applying that reasoning, the D.C. Circuit has long denied motions for stays during government shutdowns. *See Kornitzky Group*, 912 F.3d at

---

[1] "Very limited circumstances" is an overstatement. The Department of Justice itself estimated that 89 percent of its employees "would be excepted from furlough." Department of Justice FY 2026 Contingency Plan 2 (Sept. 29, 2025), https://perma.cc/XT7Z-VTFZ. And DOJ has reportedly directed attorneys that they "should NOT seek a stay on any civil immigration matters, whether affirmative or defensive." Ben Penn, *DOJ Seeks to Continue Civil Immigration Cases in Shutdown*, Bloomberg Law (Oct. 3, 2025), https://news.bloomberglaw.com/us-law-week/doj-seeks-to-continue-civil-immigration-cases-in-shutdown.

639 ("So far as we have been able to determine, not a single motion seeking a stay was granted during the 2013 shutdown. . . . [D]uring the current Government shutdown, our practice has been the same.").

Similarly, this Court has made clear that it "will continue operations" during the shutdown and that, accordingly, "filing dates will not be automatically extended" and "[p]arties remain obligated to comply with the filing requirements of the Federal Rules of Appellate Procedure and this court's Local Rules." U.S. Court of Appeals for the First Circuit, *Operations During a Government Shutdown*, https://www.ca1.uscourts.gov/ (accessed October 7, 2025). The government has identified no good cause to depart from that principle here.

2.  A stay could also frustrate the Court's stated intention to consider coordinating the resolution of this appeal and a related appeal that is currently pending on a similar timeline and is not presently stayed.

This is the government's second request for a stay. In May, it moved to hold this appeal in abeyance pending the outcome of *New York v. Trump*, Nos. 25-1236, 25-1413 (1st Cir.), arguing that "[t]he allegations and legal issues in this case substantially overlap with those in *New*

*York*," Mot. for Abeyance at 2 (May 27, 2025). The Court denied that request. Order of June 16, 2025. It stated that, "[t]o the extent necessary and appropriate, the ultimate merits panel(s) will coordinate resolution of relevant appeals." *Id.*

The Court should deny the government's new motion because a stay of this case while the *New York* appeal proceeds would impede the ability of "the ultimate merits panel(s)" in this case and *New York* to, as necessary, "coordinate resolution of relevant appeals."

Briefing recently concluded in *New York*, and that case is set for oral argument on November 18. Briefing in this case is set to conclude next week, when the government files its reply brief on October 17. Holding the government to the existing briefing schedule here will best enable the Court to coordinate resolution of these appeals as it deems appropriate, including the option of coordinating them before the same oral argument panel.

Dated:  October 7, 2025               Respectfully submitted,

                                                        */s/ Kevin E. Friedl*
                                                        Kevin E. Friedl
                                                        Jessica Anne Morton
                                                        Robin F. Thurston
                                                        Democracy Forward Foundation

P.O. Box 34553  
Washington, DC 20043  
(202) 448-9090  
kfriedl@democracyforward.org  
jmorton@democracyforward.org  
rthurston@democracyforward.org  

## CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the portions exempted by Rule 32(f), it contains 700 words.

Dated:  October 7, 2025 　　　　　　　　*/s/ Kevin E. Friedl*
　　　　　　　　　　　　　　　　　　　　Kevin E. Friedl