

January 16, 2025

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

  Re: *Woonasquatucket River Watershed Council v. USDA*,
     No. 25-1428 – Rule 28(j) Notice of Supplemental Authority

Dear Ms. Dubrovsky:

Plaintiffs-Appellees write to notify the Court of additional authorities relevant to this appeal, set for argument on February 5.

*First*, this Court in *Massachusetts v. NIH*, --- F.4th ----, 2026 WL 26059, at *4–6 (1st Cir. Jan. 5, 2026), held that "challenges to agency-wide policies … belong in district court," while "challenges to the withholding of contractually awarded funds that result from those policies … belong in the CFC," relying on Justice Barrett's concurrence in *NIH v. American Public Health Ass'n*, 145 S. Ct. 2658 (2025). Because Plaintiffs challenge agency-wide policies, their claims belong in district court. *See* Resp. Br. at 41–42; *contra* Br. at 40–44. Disputing that, the government complains that section 3 of the order emphasized that agencies could no longer freeze and must release funds they had frozen under their unlawful policies. *See* Br. at 40; A.61 § 3. But section 3 merely underscored the consequences that follow from the stay of those policies. Resp. Br. at 59. If this Court nonetheless had concerns that the Tucker Act might "impliedly forbid" that particular "relief … sought," 5 U.S.C. § 702, those concerns would cast no doubt on the rest of the order.

Democracy Forward  |  democracyforward.org  |  202-448-9090
P.O. Box 34553, Washington, D.C. 20043

*Second*, the government disputes that there actually were any "agency-wide policies," instead attributing the freeze of IRA/IIJA funding to "many individual decisions by several agencies." Br. at 23–25; *but see* Resp. Br. at 17–19. The government not only fails to offer any evidence to support that claim, the claim is directly contradicted as to HUD by a declaration the government submitted in district court following entry of the court's order. In that declaration, a senior HUD official states that, "[o]n January 21, 2025," his office "w[as] instructed to halt obligations, disbursements, and closings with respect to GRRP awards in response to the Executive Order Unleashing American Energy … pending a review of the program for alignment with Administration priorities." Dkt. 81-1 ¶ 6. These "GRRP awards" (Green and Resilient Retrofit Program) represent all of the IRA/IIJA funding that HUD administers. *Id.* ¶ 2; *see also* Dkt. 51 at 3.

Respectfully submitted,

*/s/ Kevin E. Friedl*
Kevin E. Friedl
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org

*Counsel for Plaintiffs-Appellees*

cc:  Counsel of Record (via CM/ECF)