

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-3388

January 26, 2026

**Via CM/ECF**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
Office of the Clerk
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE:    *Woonasquatucket River Watershed Council, et al. v. USDA, et al.*,
               No. 25-1428 (argument scheduled for February 5, 2026)

Dear Ms. Dubrovsky:

      We write in response to plaintiffs' letter of January 16. Contrary to plaintiffs' argument, this Court's decision in *Massachusetts v. NIH*, -- F.4th --, 2026 WL 26059 (1st Cir. Jan. 5, 2026), confirms the error in plaintiffs' claims. *Massachusetts* makes clear that although "challenges to agency-wide policies . . . belong in district court," "challenges to the withholding of contractually awarded funds that result from those policies . . . belong in the [Court of Federal Claims]." *Id.* at *5. Here, plaintiffs challenge the agencies' previous decisions to withhold grant funds, which is precisely the sort of challenge that *Massachusetts* says may not be brought in district court. Moreover, although plaintiffs assert in their letter that they "challenge agency-wide policies," they have mostly failed to identify any such concrete policies. *See* Opening Br. 23-27; Reply Br. 2-5. And regardless, they nowhere explain how they would have standing to challenge, or seek prospective relief regarding, any such policies divorced from the agencies' previous decisions to withhold specific funds. *See Massachusetts*, 2026 WL 26059, at *5 (noting that policy in that case "affects future grants as much as it does current ones").

      Separately, plaintiffs' assertion that HUD established some discrete "agency-wide" policy to freeze IRA/IIJA grant funding is not supported by the evidence. Plaintiffs cite a district court declaration stating that HUD was instructed to halt funding based on the American Energy Executive Order. But

the government has never disputed that the Executive Order instructed such a pause, and neither the declaration nor plaintiffs' letter clearly identifies any distinct, challengeable HUD action between the Executive Order and individual grant pauses. Regardless, as plaintiffs admit, HUD administered only a single IRA/IIJA grant program, making any decision with respect to that program necessarily distinct from the hypothetical undifferentiated agency-wide policy that plaintiffs complain about—and indeed plaintiffs' letter nowhere develops any argument that anything about the statutes, regulations, or grant terms governing that program required continued payment of the grants in question.

                                                      Sincerely,

                                                      Daniel Tenny

                                                      */s/ Sean R. Janda*
                                                      Sean R. Janda
                                                      Brian J. Springer

cc:    All counsel (via CM/ECF)